# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2535

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Gregory Poor, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 12, 2000

Filed: September 19, 2000

_____

Before RICHARD S. ARNOLD, FAGG, and BYE, Circuit Judges.

_____

PER CURIAM.

Gregory Poor pleaded guilty to conspiracy to manufacture and distribute a misbranded and adulterated drug, gamma hydroxy butyrate (GHB), with the intent to defraud or mislead, in violation of the Federal Food, Drug, and Cosmetic Act. See 18 U.S.C. § 371; 21 U.S.C. §§ 331, 333(a)(2). On appeal, Poor asserts his guilty plea was not knowing, voluntary, and intelligent. Poor did not seek to withdraw his guilty plea in the district court, however, and cannot claim his plea was involuntary for the first time on appeal. See United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990). Besides, contrary to Poor's assertion, the record shows Poor knew he was pleading

guilty to an offense carrying the felony punishment for violations of the Act committed with the intent to defraud and mislead. Because the indictment alleged Poor committed the acts with the intent to defraud and mislead, we reject Poor's related contention that the court and the prosecution constructively amended the indictment from a misdemeanor to a felony offense. Poor also contends GHB is a food supplement used for bodybuilding, not a drug covered by the Act, and thus his plea lacked a factual basis. Like the district court, we conclude a jury could find GHB is a drug within the meaning of the Act based on Poor's intended use of the substance. See 21 U.S.C. §§ 321(g)(1)(C), (D). Poor next attacks the indictment asserting it is void for duplicity and tainted by investigative misconduct. These are nonjurisdictional defects waived by Poor's valid, unconditional guilty plea. See United States v. Fitzhugh, 78 F.3d 1326, 1330 (8th Cir. 1996). Anyway, we agree with the district court that the indictment is not duplicitous or multiplicitous. Poor last challenges his sentence, asserting the district court improperly enhanced his base offense level. We disagree. We see no clear error in the district court's findings that Poor's offense involved more than minimal planning, see U.S.Sentencing Guidelines Manual (U.S.S.G.) § 2F1.1(b)(2)(A); United States v. Wells, 127 F.3d 739, 749 (8th Cir. 1997), and a conscious risk of serious bodily injury, see U.S.S.G. § 2F1.1(b)(6)(A); United States v. McCord, Inc., 143 F.3d 1095, 1098 (8th Cir. 1998). We thus affirm Poor's conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-